[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR JUDGMENT
This matter appeared on the Short Calendar for September 29, 1997, at which time the court, Gray, J.[1], heard argument on the defendants' "Motion for Order Compelling Compliance with Interrogatories" (#110) and the plaintiff's Motion for Summary Judgment. (#109). After first granting the defendants' motion to compel, the court then took up the plaintiff's motion for summary judgment, which he granted. The transcript of the hearing revealed some concern on the part of counsel as to whether the plaintiff would have any continuing obligation with regard to the granting of the motion to compel in light of the courts having granted the motion for summary judgment. Although the comment of the court ("it would seem to conclude everything, wouldn't it?") was somewhat equivocal, it is apparent to this court that the granting of the motion for summary judgment ended the case and CT Page 9578 extinguished the plaintiff's obligation to comply with the interrogatories in question.
Moreover, although Judge Gray did not render a written memorandum of decision, it is apparent from the wording of the motion that the court contemplated judgment not only on the plaintiff's complaint, but also against the defendant as to its special defenses and counterclaims. Additionally, although the file itself does not contain the defendants' memorandum in opposition to summary judgment or any counter-affidavits, the parties agree, and the transcript reflects, that the court did take into consideration such a memorandum and affidavit, a copy of which was shown to the undersigned at oral argument in connection with the present motion. None of those materials in any way contradict the plaintiff's affidavit or its legal argument in support of summary judgment.
It is therefore apparent that when Judge Gray granted the motion for summary judgment on September 29, 1997, he did so not only as to liability but as to damages as well. The plaintiff's uncontradicted affidavit reflects that the total amount due under the subject lease was $41,566.80, and judgment will therefore enter in favor of the plaintiff in that amount.
Jonathan E. Silbert, Judge